## JAMES D. CLARK *vs.* EZEKIEL PERRY.

The admission of the book and suppletory oath of the plaintiff to prove this item in his account — "To 60 lime casks, at 24 cents per cask" — *was held,* not to be a sufficient cause for setting aside a verdict for the plaintiff.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

This was an action of assumpsit on the following account, annexed to the writ.

| July 28, 1837. | *Ezekiel Perry* to *J. D. Clark.* | *Dr.* |
|---|---|---|
| | To 60 lime casks, at 23 cents per cask, | $13,80 |
| *Aug.* 7. | To 60 lime casks, at 24 cents per cask, | 14,40 |
| | To 600 of hay, | 6,00 |
| | | 34,20 |
| | *Cr.* by cash, | 13,80 |
| | | $20,40 |

The defendant filed an account in set-off, but the exceptions do not show, that any evidence was given in reference to it.

The plaintiff produced his book of account, containing the several articles charged, and offered the same with his suppletory oath in support of the action. The defendant objected, that the articles were so large and bulky, that they, as was contended, could not have been sold and delivered without the assistance and knowledge of some other person or persons, who should be called as witnesses. The Judge overruled the objection, and permitted the plaintiff to prove his demand by his book and his own oath. The plaintiff testified that he hauled his casks in two loads with a two-horse team, and that he usually took one day to go down, and another day to return from *Thomaston.* The plaintiff proved, that the defendant admitted that he had bought the hay of the plaintiff, and had not paid for it. The plaintiff's attorney proposed to prove the value and price of the casks by the plaintiff himself. This was objected to by the defendant, but the objection was overruled by the Court, and the plaintiff was permitted to swear, " that the prices at which he had charged his casks were fair prices." The defendant introduced testimony tending to disprove the plaintiff's case. The jury returned a verdict for the plaintiff for two dollars. The verdict was returned on the sixth day of the term. No inquiry was then made of the jury as to the grounds of their verdict; but on the fifteenth day of the term, when it was understood that exceptions were to be filed, the Judge inquired of the jury, and they replied, that they were not satisfied, that the defendant ever had the casks, and that their verdict was for the value of the hay only. The defendant filed exceptions.

*H. C. Lowell* argued for the defendant.

1. To the great standing rule of the law of evidence, that no man shall be permitted to be a witness in his own cause, there is but one exception, and that obtains only when from the nature of the transaction, it must be presumed that the material facts could not have been known to other persons ; and then the party is admitted himself to prevent a total failure of justice. Whenever the necessity of the case does not clearly appear, the exception fails. *Dunn* v. *Whitney*, 1 *Fairf.* 9. Sixty lime casks in a load make a larger bulk than a ton of hay, and are not the subject of proof by the oath of the party. The plaintiff was improperly admitted as a witness for any purpose in this case. *Leighton* v. *Manson*, 14 *Maine R.* 208.

2. But if the plaintiff could be a witness for any purpose, he was improperly permitted to testify as to the value of the casks. That could have been as easily proved by witnesses from the place of delivery, as the value of any one article whatever.

3. The testimony thus improperly admitted was not immaterial, but the very foundation of the claim of the plaintiff.

4. The natural import of the verdict returned and affirmed in Court, cannot be altered by any answers of the jury, or some of them, after they had separated for more than a week, to inquiries put by the Judge. 9 *Pick.* 426.

*Bulfinch*, for the plaintiff, said that the complaint of the defendant was against the finding of the jury, and not against the law as delivered by the Court. The plaintiff did not recover any thing for his casks, but merely for his hay. The proof of the delivery of the hay was full without the oath of the plaintiff. The book and oath of the plaintiff, were properly admitted to prove the charge for the casks. But if they were not admissible, the " bane and antidote" are both here, as the casks were not allowed by the jury. The inquiry was made with the assent of the plaintiff, or certainly without objection, and it is too late now to complain.

The opinion of the Court was by

WESTON C. J.—Two parcels of lime casks are charged, delivered at different times, sixty at each time. That number, in the aggregate, is very bulky, but singly, easily managed by one individual.

---

It seems they constituted two loads. It might require two to load them conveniently ; but it does not appear that they were sold, until they arrived in *Thomaston,* the residence of the defendant. In unloading there, the aid of two persons would be convenient, if not necessary ; but this might be easily accomplished by the plaintiff and the defendant, the seller and the purchaser. The intervention of any other person was not necessarily required.

The *statute* of 1833, *c.* 83, requires, that each cask shall be branded with the name of the manufacturer. This being done, they may be sold and transferred from one person to another, at pleasure. The plaintiff may not have been the manufacturer. Nor is the use of the cask evidence, that he, who uses them, bought them of the individual, whose name is branded upon them. In the admission of this kind of testimony, in its application to any given article, it has been found necessary to leave a discretion in the presiding Judge. *Leighton & al.* v. *Manson,* 14 *Maine R.* 208. We cannot say, that upon this point it has been transcended.

In admitting the plaintiff to testify, that the price charged was a fair one, a greater latitude may have been indulged, than the necessity of the case required ; but the article itself, so extensively used in the towns furnishing lime, must have had a regular market price. It does not appear to us, that justice requires, that the verdict should be disturbed upon this objection.

*Exceptions overruled.*